UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO.: 4:07CV-81-M**

**CHERYL STINE**                                                                                        **PLAINTIFF**

**v.**

**STATE FARM FIRE & CASUALTY COMPANY**                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the plaintiff, Cheryl Stine, to reconsider [DN 73]. Fully briefed, this motion is ripe for decision.

### I. INTRODUCTION

On June 16, 2006, a house, owned by Stine and insured by State Farm Fire and Casualty Company ("State Farm"), was completely destroyed by a fire. When State Farm denied Stine's insurance claim, she filed this action for breach of contract and bad faith. On August 28, 2009, this Court entered a Memorandum Opinion and Order dismissing her bad faith claim, but allowing her claim for breach of contract to proceed to trial. Stine now contends that the Court erred when it dismissed her bad faith claim. She argues that the Court failed to properly apply the standard for insurance bad faith set forth by the Kentucky Supreme Court in Farmland Mutual Insurance Co. v. Johnson, 36 S.W.3d 368 (Ky. 2000) and requests that the Court reconsider its decision and allow discovery to proceed on the issue of bad faith.

## II.  DISCUSSION

The Sixth Circuit recognizes that a district court may reconsider an interlocutory order[1] both under the common law and Federal Rule of Civil Procedure 54(b).  Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004).  "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)); see also United States v. Lexington-Fayette Urban County Gov't, No. 06-386-KSF, 2008 WL 4490200, at *1 (E.D. Ky. Oct. 2, 2008); Edmonds, 2008 WL 3820432, at *2.

Applying this standard, the Court finds no reason to grant the plaintiff's motion.  In part, Stine misinterprets the Court's prior Order.  She contends that the Court dismissed her claim for bad faith because there was a genuine issue of material fact as to her breach of contract claim.  Rather, the Court dismissed her bad faith claim because, pursuant to the undisputed facts presented to the Court, her insurance claim was fairly debatable as a matter of law.  (DN 71 at 7.)  A determination by the jury that Stine substantially complied with her duties "does not necessarily establish that the insurer's denials were made in bad faith."  Cowan v. Paul Revere Life Ins. Co., 30 F. App'x 384, 388 (6th Cir. 2002).  "To conclude otherwise would 'effectively deprive every insurer of its right either to raise lack of coverage as a defense to an action on a

---

[1] The plaintiff does not specify the Rule under which she brings her motion.  As the Court's grant of partial summary judgment was only an interlocutory order, there has been no judgment in this matter, i.e. "a decree [or] any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  Therefore, the Court will treat the plaintiff's motion as one raised under Rule 54(b).  See Edmonds v. Rees, No. 3:06-CV-P301-H, 2008 WL 3820432, at *2 (W.D. Ky. Aug. 13, 2008) ("both Rule 59 and Rule 60 are only applicable to final orders or judgments.") (citation omitted).

policy or to file an action seeking a declaration of rights respecting coverage.'" Id. (quoting Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Serv., Inc., 880 S.W.2d 886, 888 (Ky. Ct. App. 1994)). Therefore, "[a]n insurer is entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts." Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky. 1993).

Stine also argues that, pursuant to Farmland Mutual, the Court improperly precluded her from conducting discovery on her claim for bad faith. In Farmland Mutual, the Kentucky Supreme Court held that "although elements of a claim may be 'fairly debatable,' an insurer must debate the matter fairly." 36 S.W.3d at 375. Stine contends that through discovery, she may have been able to establish that State Farm did not debate her claim fairly. However, Stine's reliance upon Farmland Mutual is misplaced. In that case, the insurer did not dispute that the fire loss was covered by the policy. Instead, it was the amount of the loss that was fairly debatable. Id. at 374. Knowing this, the insurer attempted to extract a settlement out of the insureds by misrepresenting terms of the insurance policy and by presenting a repair estimate it knew was unreasonably low. Id. at 372. Here, the Court did not grant summary judgment in favor of State Farm because the amount of the loss that Stine sustained was fairly debatable. Rather, the Court granted summary judgment because *coverage* under her policy was fairly debatable. The Court finds that Farmland Mutual does not apply under these circumstances.[2] Pursuant to the well-established law of Kentucky, State Farm was entitled to litigate the claim

---

[2] Stine's reliance on KRS 304.12-230(13) is also unavailing. That clause of the Kentucky Unfair Claims Settlement Practices Act, which requires an insurer to "promptly settle claims," only applies "where liability has become reasonably clear." As the Court held in its prior Order, coverage was fairly debatable as to the *entire* claim.

3

and was therefore entitled to partial summary judgment.  See Wittmer, 880 S.W.2d at 888.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion by the plaintiff, Cheryl Stine, to reconsider [DN 73] is **DENIED**.


cc:     Counsel of Record